# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSEL WILLIAMS HOME SERVICES LLC, | ) <br> ) <br> ) |
| *Plaintiff*, | ) C.A. No.: <br> ) |
| v. | ) <br> ) Jury Trial Demanded |
| MINLEON INTERNATIONAL (USA) LIMITED LLC, MINLEON GROUP LTD, and HOLIDAY LIGHTING MANAGEMENT, LLC, | ) <br> ) <br> ) <br> ) <br> ) |
| *Defendants*. | ) |

## VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Russel Williams Home Services LLC ("Plaintiff" or "Russel Williams"), by its undersigned counsel, and for its Complaint against Defendants Minleon International (USA) Limited LLC, Minleon Group Ltd., and Holiday Lighting Management, LLC (collectively "Defendants"), hereby alleges as follows:

## SUMMARY OF NATURE OF ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Plaintiff asserts infringement of U.S. Patent No. 12,366,347 relating to technology embodied by its TUFFCLIPS brand of holiday light clips.

## PARTIES

2. Plaintiff Russel Williams Home Services LLC is a limited liability company organized under the laws of the State of Minnesota with its primary place of business at 13305 Water Tower Circle, Plymouth, MN 55441.

- 2 -

3. Defendant Minleon International (USA) Limited LLC ("Minleon USA") is a limited liability company organized under the laws of the State of Pennsylvania with its principal place of business at 3920 Market Street, Camp Hill, PA 17011. As shown below, Minleon USA represents that it has an "Omaha Office" located at 6911 C Street, Omaha, NE 68106.

> Minleon USA, Omaha Office
> 6911 C Street | Omaha, NE 68106
> Office 402.397.0903 | Cell 402.210.5077

4. Defendant Minleon Group Ltd. ("Minleon Group") is a Chinese corporation with its principal place of business located at #425 Jinxing Road, Liaobu Town, Dongguan City, Guangdong, China 523402.

5. Defendant Holiday Lighting Management, LLC ("HLM") is a limited liability company organized under the laws of the State of Nebraska with its principal place of business at 6911 C Street, Omaha, NE 68106.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants engage in business within this District, Defendants have committed acts of infringement in violation of 35 U.S.C. § 271, and Defendants have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are shipped into, sold, and/or used in this District. These acts have caused injury to Plaintiff within this District and continue to cause injury to Plaintiff within this District. Defendants derive substantial revenue from the sale of infringing products distributed within this

District. Defendants expect or should reasonably expect their actions to have consequences within this District and Defendants derive substantial revenue from interstate commerce.

8. As to Minleon USA, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Minleon USA sells products to customers in this District, Minleon USA has committed acts of infringement in this District, Plaintiff's patent infringement claims arise directly from Minleon USA's continuous and systematic activity in this District, and Minleon USA has a regular and established place of business in this District.

9. As to Minleon Group, venue is proper in this District under 28 U.S.C. § 1391 because Minleon Group is a foreign corporation and thus may be sued in any judicial district.

10. As to HLM, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, HLM resides in this District, HLM sells products to customers in this District, HLM has committed acts of infringement in this District, Plaintiff's patent infringement claims arise directly from HLM's continuous and systematic activity in this District, and HLM has a regular and established place of business in this District.

**BACKGROUND**

11. Plaintiff is the owner of all right and interest in and to U.S. Patent No. 12,366,347 (the "Patent-in-Suit"), entitled "Enclosed Gutter Clip and Expandable Bulb-Holding Clip," which was duly and lawfully issued by the United States Patent and Trademark Office on July 22, 2025. A true and correct copy of the Patent-in-Suit is attached hereto as **Exhibit A** and is made a part hereof. The Patent-in-Suit lists David Russel Felt as the sole inventor. The Patent-in-Suit is valid and enforceable. Plaintiff is the assignee and owner of all right, title, and interest in and to the Patent-in-Suit, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement thereof.

12. The Patent-in-Suit generally relates to clips for maintaining decorations, such as holiday lights, on gutters, shingles, or other structures. It has become increasingly popular to decorate the outside of buildings, homes, and other structures with holiday lights. However, installing and removing these lights is very time consuming and can potentially be dangerous, as the lights are typically installed at a height that requires a ladder. The clips of the Patent-in-Suit help solve these problems by allowing quick and efficient installation and removal of holiday lights without causing any damage to the gutter line, roofline, structure, or lights themselves. The clips of the Patent-in-Suit also enable removal of the holiday lights without the use of a ladder.

13. Plaintiff sells holiday light clips that practice the Patent-in-Suit under the brand name TUFFCLIPS. Plaintiff's patented TUFFCLIPS holiday light clips have been highly successful and have revolutionized the holiday light installation industry. A sample of one of Plaintiff's patented TUFFCLIPS holiday light clips is shown below:



14. Plaintiff sells its patented TUFFCLIPS holiday light clips through its website, https://www.tuffclips.com, as well as through various authorized third-party distributors. A screenshot of Plaintiff's website is reproduced below:



15. Plaintiff and Defendants are direct competitors in the holiday light clip market. Defendants make, use, sell, and offer for sale in the United States, and import into the United States, certain holiday light clips, including but not limited to the holiday light clips depicted below and any similar products (collectively, the "Infringing Products"), that embody one or more claims of the Patent-in-Suit:[1, 2]

---

[1] Plaintiff understands that each of the Infringing Products is available in a C9 version and a C7 version. For the sake of clarity, Plaintiff accuses both the C9 versions and the C7 versions of the Infringing Products of infringing the Patent-in-Suit. The C9 versions and the C7 versions of the Infringing Products are identical to, or do not meaningfully differ from, each other with respect to their infringement of the Patent-in-Suit.

[2] Plaintiff understands that Defendants refer to the infringing V2 clip as the "V2 clip," the "V2 2021 clip," and/or the "V2 2022 clip."

| Infringing V1 Clip | Infringing V2 Clip |
|---|---|
|  | |

16. Defendants have infringed and continue to infringe the Patent-in-Suit by making, using, selling, and offering for sale in the United States, and importing into the United States, the Infringing Products.

17. On June 13, 2025, Plaintiff, via its legal counsel, notified Defendants that the Patent-in-Suit "will issue as a U.S. Patent within a matter of weeks," and that Defendants' Infringing Products infringe the allowed claims of the Patent-in-Suit. Plaintiff also demanded that Defendants immediately cease making, using, and selling the Infringing Products.

18. To date, Defendants have refused to cease making, using, or selling the Infringing Products.

19. Prior to the filing of this Complaint, Defendants had actual notice of the Patent-in-Suit and their infringement thereof.

20. Despite Defendants' actual notice of the Patent-in-Suit and their infringement thereof, Defendants have continued to make, use, sell, and offer for sale in the United States, and import into the United States, the Infringing Products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 12,366,347

21. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

22. Plaintiff is the owner of all right, title, and interest in and to the Patent-in-Suit.

23. Defendants have at no time been licensed under the Patent-in-Suit.

24. Defendants have literally infringed and continue to literally infringe one or more claims (collectively, the "Asserted Claims") of the Patent-in-Suit within the meaning of 35 U.S.C. § 271 by, without Plaintiff's authority, importing, making, using, selling, and offering for sale the Infringing Products in the United States.

25. A claim chart comparing the Asserted Claims of the Patent-in-Suit to the Infringing Products in attached hereto as **Exhibit B**. As shown in the attached claim chart, Defendants' Infringing Products literally meet each and every limitation of the Asserted Claims of the Patent-in-Suit.

26. Defendants' infringement of the Patent-in-Suit is willful and deliberate, and entitles Plaintiff to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Defendants have had knowledge of the Patent-in-Suit and their infringement thereof prior to the filing of this Complaint. Defendants have infringed and continue to infringe the Patent-in-Suit despite a high likelihood that their actions constituted infringement.

27. Plaintiff has been injured and damaged by Defendants' infringement of the Patent-in-Suit. Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment in its favor and against Defendants as follows:

    A.    Finding that Defendants have infringed the Patent-in-Suit, and that such infringement has been willful;

    B.    Preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendants from further infringement of the Patent-in-Suit;

    C.    Awarding Plaintiff damages adequate to compensate for Defendants' infringement of the Patent-in-Suit along with pre- and post-judgment interest, and trebling such damages under 35 U.S.C. § 284;

    D.    Finding that this case is an exceptional case under 35 U.S.C. § 285, and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

    E.    Awarding Plaintiff its actual and compensatory damages;

    F.    Awarding Plaintiff pre-issuance damages pursuant to 35 U.S.C. § 154(d); and

    G.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

- 9 -

**GREENBERG TRAURIG, LLP**

Dated: July 22, 2025

*s/ Nicholas Banelli*
Nicholas Banelli
Bar Number: 27543
Attorney for Plaintiff
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
Telephone: (303) 572-6516
E-mail: Nick.Banelli@gtlaw.com

**VERIFICATION**

I, David Russel Felt, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am the owner of Plaintiff Russel Williams Home Services LLC, and I am authorized to make this verification on behalf Plaintiff Russel Williams Home Services LLC.

2.    I have read the instant Verified Complaint for Patent Infringement, am familiar with its contents, and, based on a reasonable inquiry conducted with the assistance of counsel and other employees of Russel Williams Home Services LLC, the Complaint, the exhibits thereto, and the statements contained therein are accurate, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and are not being made for any improper purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed at Plymouth, MN on July 22, 2025.

_____
David Russel Felt