IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSEL WILLIAMS HOME SERVICES LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MINLEON INTERNATIONAL (USA) LIMITED LLC, MINLEON GROUP LTD., and HOLIDAY LIGHTING MANAGEMENT, LLC, <br><br> Defendants. | 8:25CV472 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court following a telephonic hearing pursuant to Plaintiff's motion for a temporary injunction order ("TRO") and ultimately a permanent injunction. Filing No. 6. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq. Plaintiff asserts infringement of U.S. Patent No. 12,366,347 (hereinafter referred to as "Patent No. '347") relating to technology embodied by its TUFFCLIPS brand of holiday light clips. This case involves a patent regarding these clips that are used to hang decorations, such as holiday lights. The Plaintiff contends the defendants have violated their Patent No. '347. Defendants argue there is no violation. Plaintiff and Defendants are direct competitors in the holiday light clip market.

**PARTIES**

Plaintiff Russel Williams Home Services LLC is a limited liability company organized under the laws of the State of Minnesota with its primary place of business at 13305 Water Tower Circle, Plymouth, MN 55441. Defendant Minleon International (USA) Limited LLC ("Minleon USA") is a limited liability company organized under the laws of

1

the State of Pennsylvania with its principal place of business at 3920 Market Street, Camp Hill, PA 17011. Minleon USA represents that it has an "Omaha Office" located at 6911 C Street, Omaha, NE 68106.  Defendant Minleon Group Ltd. ("Minleon Group") is a Chinese corporation with its principal place of business located at #425 Jinxing Road, Liaobu Town, Dongguan City, Guangdong, China 523402.  Defendant Holiday Lighting Management, LLC ("HLM") is a limited liability company organized under the laws of the State of Nebraska with its principal place of business at 6911 C Street, Omaha, NE 68106. Filing No. 1 at 1–2, Complaint.

## DISCUSSION

**A. Law**

The Court has carefully reviewed the arguments and law and determines that venue is more appropriate in Pennsylvania as set forth herein.  As stated by the Federal Circuit:

> Section 1400(b) provides that '[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.' On the issue of improper venue, the only question before the court is whether Cray has a 'regular and established place of business' in the Eastern District of Texas within the meaning of § 1400(b). Because Cray is incorporated in the State of Washington, there is no dispute that the residency requirement of that statute cannot be met here under the definition provided in TC Heartland. See *Arthur v. Dunn*, 137 S. Ct. 1521, 1521 (2017). Nor does Cray challenge the district court's finding as to the acts of infringement within the district for purposes of venue.
>
> In matters unique to patent law, this court applies its own law. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc in relevant part), cert. denied 120 S. Ct. 527 (1999). Section 1400(b) is unique to patent law, and "constitute[s] 'the exclusive provision controlling venue in patent infringement proceedings'. . .." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (quoting *Stonite Prods. Co. v. Melvin Lloyd Co.*, 62 S. Ct. 780 (1942)). Thus, Federal

> Circuit law, rather than regional circuit law, governs our analysis of what § 1400(b) requires.
>
> As discussed in greater detail below, our analysis of the case law and statute reveal three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b).

*In re Cray Inc.*, 871 F.3d 1355, 1360–61 (Fed. Cir. 2017)

> Thus, § 1400(b) requires that "a defendant has" a "place of business" that is "regular" and "established." All of these requirements must be present. The district court's four-factor test is not sufficiently tethered to this statutory language and thus it fails to inform each of the necessary requirements of the statute.

*In re Cray Inc.*, 871 F.3d at 1362.

### B.  Connection to Pennsylvania

Generally speaking, in patent cases a defendant must be sued where said defendant is incorporated or conducts regular business in that jurisdiction. In the case before this Court, one defendant is based in Omaha. There is a foreign defendant from China, and Defendants argue that any venue is proper for that defendant. The third defendant has an office in Omaha. While these facts may be sufficient for jurisdiction and venue over these defendants, the issue before this Court turns on entirely different facts. Five different cases have already been filed in Pennsylvania that center around these patents.

Plaintiff argues that Patent No. '347 is not part of the Pennsylvania patent cases. However, Defendants contend that Patent No. '347 is just a continuation of Plaintiff's previous patents. Defendants state:

> [T]he patent at issue here is a continuation of patents that are already the subject of pending litigation in the Middle District of Pennsylvania. *See*

3

> *Russel Williams Home Services, LLC v. Minleon Int'l (USA) Limited LLC et al*, No. 1:24-cv-00912-JPW (M.D. Pa.) (docket attached as Exhibit 1). That M.D. Pa. case involves the same products and essentially the same allegations and was preceded by four years of correspondence between the parties, during which Defendants were selling the accused products and denying Plaintiff's allegations of infringement. The M.D. Pa. case is currently stayed, pending the USPTO's determination on re-examination requests related to the subject patents . . .. Plaintiff's newly filed Complaint and request for TRO appear to be an attempted end-run around the determinations to date in the M.D. Pa. case.

Filing No. 25 at 1–2, brief in Opposition.

### C. Transfer

As stated in 28 U.S.C. § 1404:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

It seems clear to the Court that Patent No. '347, while just filed in July of 2025, is derivative, prior art.[1] The Pennsylvania case includes the plaintiff and two of the defendants from this case, Minleon USA and Minleon Group, and the majority of legal counsel overlap in both cases. *See* Filing No. 26-1. The patents in these cases clearly overlap. Further, the Court is concerned that if it takes this case, there will potentially be inconsistent rulings with the cases currently pending in the Pennsylvania court. In addition, the parties have been sending letters to each other about these issues for over 4 years, and that makes the arguments regarding irreparable harm seem much less

---

[1] Plaintiff is the owner of all right and interest in and to U.S. Patent No. 12,366,347 (the "Patent-in-Suit"), entitled "Enclosed Gutter Clip and Expandable Bulb-Holding Clip," which was duly and lawfully issued by the United States Patent and Trademark Office on July 22, 2025.

compelling. Further, the USPTO is currently reviewing the original patents set forth in the Pennsylvania cases for invalidity and noninfringement defenses, and it appears that these patents might be significantly narrowed or potentially invalidated in whole. Finally, the Court finds the circumstances in this case are not on all fours with the *In Re Cray* case. The real issue in this case revolves around the filing of a patent case that is clearly related to those pending in Pennsylvania. It has very little to do with Plaintiff's choice of forum issues. For these reasons, the Court finds this case must be transferred to the Middle District of Pennsylvania for further review.

**THEREFORE, IT IS ORDERED THAT:**

1. This case is transferred to the Middle District of Pennsylvania, *Russel Williams Home Services, LLC v. Minleon Int'l (USA) Limited LLC et al*, No. 1:24-cv-00912-JPW (M.D. Pa.).

2. The Court will not address the motion for a temporary injunction order, Filing No. 6, and will send the same to Middle District of Pennsylvania, *Russel Williams Home Services, LLC v. Minleon Int'l (USA) Limited LLC et al*, No. 1:24-cv-00912-JPW (M.D. Pa.), for review as that Court sees fit.

Dated this 5th day of August.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge